UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATHAN ALAN VIETH,

      Plaintiff,

v.                                   Case No. 20-cv-0070-bhl

SHEBOYGAN COUNTY
SHERIFF'S DEPT., et al.,

      Defendants.

## ORDER

      Plaintiff Nathan Alan Vieth, who is representing himself, filed a civil rights lawsuit along with a motion for leave to proceed without prepayment of the filing fee. Dkt. Nos. 1, 2. Vieth also filed a motion to waive the initial partial filing fee, which the court denied on June 1, 2020. Dkt. No. 10. In the order denying Vieth's motion to waive the initial partial filing fee, the court ordered Vieth to pay the initial partial filing fee of $7.90 on or before June 22, 2020. The court also warned Vieth that if he did not either pay the fee or explain why he could not pay it by the stated deadline, the court would dismiss the case without prejudice. *Id.* at 4.

      The June 22, 2020 deadline passed. At that time, the court recognized that Vieth had transferred a couple of times including shortly after the June 1 order and, concerned that Vieth may have been unaware that his deadline had passed, granted Vieth an extension until September 11, 2020 to pay the initial partial filing fee. Dkt. No. 13. On August 27, 2020, Vieth filed a letter under seal explaining the reasons why he believes he cannot pay the initial partial filing fee. Dkt. No. 14. Vieth filed the letter under seal because it includes his confidential mental health records. In his letter, Vieth states he has no money left in his trust account, he cannot pay the initial partial

filing fee, and he has mental health issues that prevent him from getting employment within the jail. Additionally, Vieth claims he used the money he previously had in his trust account to pay the initial partial filing fee in his other case, Case No. 20-cv-95-pp. On September 23, 2020, this case and Case No. 20-cv-95, were reassigned to a new judge.

A court may not dismiss the lawsuit of a prisoner who lacks the ability to pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). "But if the court finds that the prisoner is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." *Thomas v. Butts*, 745 F.3d 309, 312 (7th Cir. 2014) (citations and internal quotation omitted).

Vieth did not provide an updated certified trust account statement with his letter. Based on the trust account statement the court has on file, Vieth had income and had made several trips to the commissary, depleting his account. The only current information the court has is Vieth's statement that he spent the rest of his money on the filing fee in the other case. The Court of Appeals for the Seventh Circuit has instructed, "It is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when 'the prisoner has no assets and no means by which to pay the initial partial filing fee.' A prisoner with periodic income has 'means' even when he lacks 'assets.'" *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (*rev'd on other grounds Walker v. O'Brien,* 216 F.3d 626 (7th Cir. 2000)).

Because the court cannot fully determine if Vieth has means, the court will give him one final chance. He must submit an updated certified trust account statement or pay the initial partial

2

filing fee by October 16, 2020. The court also reminds Vieth that, as stated in the original order setting the initial partial filing fee, he may pay the initial partial filing fee from his release account if there are insufficient funds available in his regular account. Dkt. No. 6 at 3.

The court **ORDERS** that Vieth must provide an updated certified trust account statement or pay the initial partial filing fee by the end of the day **October 16, 2020.** If the court does not receive the certified trust account statement or the initial partial filing fee by this deadline, the court will likely dismiss Vieth's case for failure to pay the fee.

Dated at Milwaukee, Wisconsin this 2nd of October, 2020.

s/ Brett H. Ludwig
Brett H. Ludwig
United States District Judge