UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NATHAN ALAN VIETH,

        Plaintiff,

        v.                                      Case No. 20-cv-0070-bhl

SHEBOYGAN COUNTY
SHERIFF'S DEPT., et al.,

        Defendants.

---

## ORDER

---

On January 15, 2020, Plaintiff Nathan Alan Vieth, who is representing himself, filed a civil rights lawsuit along with a motion for leave to proceed without prepayment of the filing fee. (ECF Nos. 1, 2.) Vieth later filed a motion to waive the initial partial filing fee, which the Court denied on June 1, 2020. (ECF. No. 10.) In denying Vieth's motion to waive the initial partial filing fee, the Court ordered Vieth to pay the initial partial filing fee of $7.90 on or before June 22, 2020 and warned Vieth that if he did not either pay the fee or explain why he could not pay it by the stated deadline, the court would dismiss the case without prejudice. (*Id.* at 4.)

The June 22, 2020 deadline passed. The Court did not immediately dismiss Vieth's case, however, because it learned that Vieth had been transferred between facilities on at least two occasions, including shortly after the Court's June 1 order, and may have been unaware of the deadline. Instead, the Court issued another order on July 24, 2020 giving Vieth even more time, until September 11, 2020, to pay the initial partial filing fee. (ECF. No. 13.) On August 27, 2020, Vieth responded with a letter he filed under seal explaining the reasons why he could not pay the initial partial filing fee. (ECF. No. 14.) The reason Vieth filed the letter under seal is because he shared his mental health records with the court. Vieth states that he has no money left in his trust account and cannot pay the initial partial filing fee. He also states that his mental health issues prevent him from getting employment within the jail. Additionally, according to Vieth, what

money he did have in his trust account went to pay the initial partial filing fee in his other case, Case No. 20-cv-95-pp.

In response to Vieth's letter, on October 2, 2020, the Court issued yet another order in which the Court explained to Vieth that if he cannot pay the initial partial filing fee because he lacks the assets and means by which to pay, he needs to file an updated certified trust account statement so the Court can verify his claim. (ECF No. 15. at 2-3.) Accordingly, the Court gave him one final chance to either submit an updated certified trust account statement or pay the initial partial filing fee. The Court gave him until October 16, 2020 to comply and reminded him that if he lacks funds in his institution trust account, he could pay the initial partial filing fee from his release account. (*Id.*)

On October 22, 2020, the Milwaukee County Office of the Sheriff, Fiscal Operations Department, filed a letter stating "Mr. Nathan Vieth is currently incarcerated at the Criminal Justice Facility with a negative balance of $18.67. He is ordered to send the initial fee for case #20-CV-0070 or case #20-CV-0095, but unfortunately the balance in his inmate trust account is insufficient." (ECF No. 17 at 1.) To date, the Court has not received an updated certified trust account statement or any other communication from Vieth explaining his failure to comply with the Court's orders.

The Court has given Vieth several chances and clear instructions on what he needs to do to continue to pursue this case. The letter from the Milwaukee County Sheriff's Office may explain why Vieth cannot pay out of his inmate trust account, but it does not shed light on how Vieth's account came to have a negative balance. As explained in its October 2 order, seeing how Vieth spent his money is a crucial aspect the Court needs to determine whether it may waive the initial partial filing fee. The letter also does not explain why Vieth could not provide an updated certified trust account statement or why Vieth could not pay the initial partial filing fee out of his release account. Accordingly, the Court dismisses Vieth's complaint for failure to pay the initial partial filing fee, provide an updated certified trust account statement, or otherwise follow the Court's orders.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** based on Vieth's failure to pay the initial partial filing fee, provide an updated certified trust account statement, or otherwise follow the Court's orders. Because the dismissal is

without prejudice, the plaintiff may refile his complaint at a later date, subject to the relevant statutes of limitations.

Dated at Milwaukee, Wisconsin this 28th day of October, 2020.

s/ Brett H. Ludwig
Brett H. Ludwig
United States District Judge
